# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into by and between Plaintiff, for himself and on behalf of the Settlement Class and the Plan, and Defendant. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in Article I below.

# RECITALS

WHEREAS, on November 15, 2024, Matt B. Allison, on behalf of a purported class of participants and beneficiaries in the Plan, filed a complaint, which was amended on February 3, 2025, alleging that Defendant Republic Mortgage Insurance Company violated ERISA in connection with the retention of the guaranteed interest account ("GIA") as an investment option in the Plan after December 2021;

WHEREAS, Defendant filed an answer to the Plaintiff's Complaint on April 22, 2025 denying any wrongdoing or liability and asserting certain affirmative defenses;

WHEREAS, Plaintiff's Counsel has conducted extensive discovery regarding the facts and claims in the Action, including culling and reviewing relevant documents from voluminous produced documents, and legal research concerning their claims;

WHEREAS, Plaintiff's Counsel and Defense Counsel conducted arm's-length negotiations concerning a possible compromise and settlement of the Action, including an in-person mediation with the Honorable Mark Bennett;

WHEREAS, as a result of their factual investigation and legal research concerning their claims, Plaintiff's Counsel have concluded that the terms of this Settlement are fair, reasonable, and adequate to Plaintiff, the Settlement Class, and the Plan, and in their best interests, and have agreed to settle the Action on the terms set forth herein after considering: (i) the benefits that Plaintiff and members of the Settlement Class will receive from the Settlement; (ii) the risks, difficulties, and delays involved with complex litigation such as this, including prosecution through trial (requiring expert witnesses) and appeals; (iii) the specific risks inherent in complex actions under ERISA, including problems of proof and the variety of defenses potentially available to Defendant that could impact full recovery; (iv) analysis of the sufficiency of the Settlement such that the amount is no less favorable to the Plan than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances; and (v) the desirability of permitting the Settlement to be consummated as provided herein;

WHEREAS, Defendant, notwithstanding its denial of each and every one of the allegations in Plaintiff's Complaint and its position that it acted at all times reasonably, prudently, and loyally with respect to the Plan, the participants and beneficiaries of the Plan, and the Settlement Class, has decided to enter into this Settlement Agreement with the Plaintiff to avoid the further expense, inconvenience, and burden of protracted litigation, the distraction and diversion of its time and resources, and the risks and expenses inherent in any complex litigation;

WHEREAS, the Parties desire promptly and fully to resolve and settle with finality all of the Released Claims against Defendant asserted by Plaintiff for himself and on behalf of the Settlement Class and the Plan on the terms set forth herein and subject to the approval of the Court;

NOW, THEREFORE, it is agreed by the Parties, without any admission or concession of liability or the validity of any allegation in Plaintiff's Complaint whatsoever, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, that the Action and the Released Claims be settled, compromised, and dismissed on the merits and with prejudice, on the following terms and conditions, all subject to the approval of the Court.

## I.    DEFINITIONS

As used in this Settlement Agreement and its Exhibits, capitalized terms and phrases, unless otherwise defined, have the meanings provided below:

1.1.    "Action" shall mean the class action captioned *Matt B. Allison v. Republic Mortgage Insurance Company*, Case No. 1:24-cv-00950-CCE-LPA, pending in the United States District Court for the Middle District of North Carolina.

1.2.    "Active Account" means an individual investment account in the Plan with a balance greater than $0.

1.3.    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Class Notice to the Class Members; (b) all expenses related to taxes (including taxes and tax expenses noted in Section 4.2); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator; and (e) all fees and expenses of the Independent Fiduciary, not to exceed $20,000 in fees plus up to $5,000 in expenses. Excluded from Administrative Expenses are the Parties' respective legal fees and litigation expenses. Administrative Expenses shall be approved by the Court and paid or reimbursed from the Qualified Settlement Fund.

1.4.    "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to the benefit of a participant.

1.5.    "Agreement Execution Date" shall mean the date on which the last required signature is affixed to this Settlement Agreement and this Settlement Agreement becomes fully executed, as provided in Section 11.12 below.

1.6.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided and expenses advanced and carried by Plaintiff's Counsel. The amount of attorneys' fees and litigation costs and expenses that Plaintiff's Counsel will

2

seek shall not exceed one-third (1/3) of the Gross Settlement Amount and shall be deducted from the Gross Settlement Amount and paid from the Qualified Settlement Fund.

1.7.   "<u>Beneficiary</u>" means a person who is entitled, based on the designation of a participant or by the terms of the Plan, to receive a benefit under the Plan that is derivative of a participant's benefit under the Plan, other than an Alternate Payee.

1.8.   "<u>CAFA</u>" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.9.   "<u>CAFA Notice</u>" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, substantially in the form set forth in Exhibit D hereto.

1.10.  "<u>Class Notice</u>" shall mean notice of the Settlement to the Settlement Class in a form and substance substantially similar to Exhibit A hereto, to be provided pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.11.  "<u>Class Settlement Amount</u>" shall have the meaning set forth in Section 7.2.3.

1.12.  "<u>Company</u>" shall mean Republic Mortgage Insurance Company, each of its direct or indirect subsidiaries, parent companies, and affiliates, including Republic Financial Indemnity Group, Inc., United Guaranty Residential Insurance Company (the surviving entity of, and Successor-In-Interest to, Republic Mortgage Insurance Company), and Old Republic International Corporation, each of such companies' predecessors and Successors-In-Interest, any purchaser of, or successor to, RMIC or its business including Arch U.S. MI Holdings Inc. and its subsidiaries, parent companies, and affiliates, and all of their present and former owners, officers, directors, employees, agents, fiduciaries, fiduciary committees, and representatives.

1.13.  "<u>Court</u>" shall mean the United States District Court for the Middle District of North Carolina.

1.14.  "<u>Current Participant</u>" means a Settlement Class Member who has an Active Account as of the date the Preliminary Approval Order is entered by the Court.

1.15.  "<u>Defendant</u>" shall mean Republic Mortgage Insurance Company.

1.16.  "<u>Defendant's Counsel</u>" or "Defense Counsel" shall mean counsel for Defendant, Holland & Knight LLP.

1.17.  "<u>Effective Date of Settlement</u>" shall mean the first date on which the Final Order in the Action has become Final.

1.18.  "<u>ERISA</u>" shall mean the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended, including all regulations promulgated thereunder.

3

1.19.   "<u>Fairness Hearing</u>" shall have the meaning set forth in Section 2.1.6.

1.20.   "<u>Final</u>" shall mean, with respect to any judicial ruling, judgment, or order, that the ruling, judgment, or order remains in effect and that the period for any appeals, petitions, motions for reconsideration, rehearing, or petition for certiorari, or any other proceedings for review ("<u>Review Proceeding</u>") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, the Final Order shall be deemed Final without regard to whether: (i) the Court has entered an order regarding the Plan of Allocation or the award of attorneys' fees and expenses; (ii) any order referred to in (i) above has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

1.21.   "<u>Final Order</u>" shall mean a final judgment and order of dismissal which is to be entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Action with prejudice, substantially in the form of Exhibit C hereto.

1.22.   "<u>Former Participant</u>" means a Settlement Class Member who does not have an Active Account as of the date the Preliminary Approval Order is entered by the Court.

1.23.   "<u>Gross Settlement Amount</u>" shall have the meaning set forth in Section 7.2.

1.24.   "<u>Independent Fiduciary</u>" means Fiduciary Counselors, which has no relationship to any of the Parties and will serve as an independent fiduciary to the Plan to approve and authorize the Settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.25.   "<u>Net Settlement Amount</u>" shall mean the Gross Settlement Amount plus any interest earned by the Qualified Settlement Fund minus: (a) all Attorneys' Fees and Costs; (b) all Administrative Expenses; and (c) any Case Contribution Awards pursuant to Section 10.3.

1.26.   "<u>Parties</u>" shall mean the Plaintiff and Defendant.

1.27.   "<u>Person</u>" shall mean an individual, partnership, corporation, limited liability company, governmental entity, or any other form of legal entity or organization, and all of their Successors-In-Interest.

1.28.   "<u>Plaintiff</u>" or "<u>Class Representative</u>" shall mean Matt B. Allison and his Successors-In-Interest.

1.29.   "<u>Plaintiff's Complaint</u>" shall mean the First Amended Complaint filed in the Action on February 3, 2025.

1.30.   "<u>Plaintiff's Counsel</u>" or "<u>Class Counsel</u>" shall mean Engstrom Lee LLC and Morgan & Morgan, P.A.

4

1.31. "<u>Plan</u>" shall mean the Republic Mortgage Insurance Company and Affiliated Companies Profit Sharing Plan, which was merged into the ORI 401(K) Savings and Profit Sharing Plan in 2024 and any trust created under such Plans.

1.32. "<u>Plan of Allocation</u>" shall mean the Plan of Allocation approved by the Court as described in Section 8.2.

1.33. "<u>Preliminary Approval Order</u>" shall mean the order preliminarily approving the Settlement substantially in the form attached as Exhibit B hereto.

1.34. "<u>Preliminary Approval Motion</u>" shall have the meaning set forth in Section 2.2.1.

1.35. "<u>Qualified Settlement Fund</u>" means the interest-bearing settlement fund account to be established and maintained by the Settlement Administrator in accordance with Articles 4 & 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.36. "<u>Released Claims</u>" shall have the meaning set forth in Section 3.1.

1.37. "<u>Released Parties</u>" shall mean (a) Defendant and all of their Successors-In-Interest; (b) Defendant's insurers, co-insurers, and reinsurers; (c) Defendant's attorneys, agents, directors, officers, general partners, limited partners, employees, affiliates, equity holders spouses, heirs, trusts, trustees, executors, administrators, assigns, or Representatives; (d) any affiliates or affiliated companies of Defendant that could have been named as a defendant in the Action, including Republic Financial Indemnity Group, Inc., United Guaranty Residential Insurance Company,  and Old Republic International Corporation; (e) anyone that Plaintiff could have asserted was a fiduciary as to the Plan, including the Plan's Advisory Committee and its members; (f) the Company; (g) Arch U.S. MI Holdings Inc. and its subsidiaries, parent companies, and affiliates and all of their insurers; and (h) anyone that Plaintiff could have asserted was a "party in interest" as to the Plan.

1.38. "<u>Releasing Parties</u>" shall mean (a) Plaintiff (both in his individual capacity and as class representative); (b) the Plan; (c) the Settlement Class (including each and every member of the Settlement Class); and (d) all of the foregoing's respective Representatives, Successors-In-Interest and beneficiaries.

1.39. "<u>Releases</u>" shall mean the releases set forth in Article 3.

1.40. "<u>Representatives</u>" shall mean attorneys, administrators, agents, assigns, directors, executors, heirs, officers, trustees, and employees, predecessors and Successors-In-Interest.

1.41. "Rollover Form" means the form that the Settlement Administrator will send with the Settlement Notice that gives a Former Participant an election to roll over the settlement payment to an individual retirement account/annuity or an account in another eligible employer-sponsored qualified retirement plan.

5

1.42.  "<u>Settlement</u>" shall mean the settlement to be consummated under this Settlement Agreement pursuant to the Final Order and Consent Judgment.

1.43.  "<u>Settlement Administrator</u>" shall mean Atticus Administration an independent contractor to be retained by Plaintiff's Counsel and approved by the Court for purposes of sending the Class Notices to the Settlement Class and establishing the settlement website and telephone support line. As Settlement Administrator, Atticus Administration is appointed the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and, consistent with Treas. Reg. § 1.468B-2(l)(2) and under the terms of this Settlement Agreement, is responsible for all tax withholding and reporting for the Qualified Settlement Fund and its distributions, including determining whether tax-qualified roll-over distributions may be offered to the Settlement Class Members, and administering the Settlement and Plan of Allocation.

1.44.  "<u>Settlement Agreement</u>" shall mean this Settlement Agreement and all of its exhibits, including any properly adopted and agreed modifications and amendments.

1.45.  "<u>Settlement Class</u>" shall mean all participants in the Plan whose account balances were reduced by the market value adjustment to the assets invested in the guaranteed interest account investment option in or around January 2024, and their Beneficiaries of record and Alternate Payees to the extent applicable, excluding the fiduciaries of the Plan (and their Beneficiaries and Alternate Payees).

1.46.  "<u>Settlement Class Members</u>" or "<u>Class Members</u>" shall mean all individuals in the Settlement Class, including Plaintiff.

1.47.  "<u>Settling Parties</u>" means Defendant and the Class Representative, on behalf of himself, the Plan, and each of the Class Members.

1.48.  "<u>Successor-In-Interest</u>" shall mean: a Person's estate, legal representatives, heirs, successors or assigns.

## II.     CONDITIONS TO THE EFFECTIVENESS OF THE SETTLEMENT

The Parties will use reasonable, good faith, best efforts to cause each of the conditions to the Settlement to occur within the times indicated.

2.1.  <u>Condition #1</u>: Approval of Settlement By Independent Fiduciary.

2.1.1  The Independent Fiduciary retained by Defendant on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.2  The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by

the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.3   The Independent Fiduciary shall notify Defendant of its determination, in writing (with copies to Plaintiff's Counsel and Defense Counsel), which notification shall be delivered no later than ten (10) calendar days after Plaintiff's Counsel provide the Independent Fiduciary either a draft in substantially final form of, or after they file, their application for Attorney's Fees and Costs with the United States District Court.

2.1.4   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $20,000 in fees and up to $5,000 in expenses, will constitute Administrative Expenses and will be paid from the Qualified Settlement Fund, subject to Court approval.

2.1.5   Defendant, Defense Counsel, Plaintiff's Counsel, and Class Representatives shall respond to reasonable requests from the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.6   If Defendant reasonably concludes, solely in its role as a settling party entitled to a binding Plan release, that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendant shall so inform the Independent Fiduciary and Plaintiff's Counsel within five (5) calendar days of receipt of the determination.

2.1.7   A copy of the Independent Fiduciary determination letter and report shall be provided to Plaintiff's Counsel, who may file it with the Court in support of final approval of the Settlement.

2.2.   Condition #2: Court Approval. The Settlement shall have been approved by the Court in the Class Action in accordance with the following steps:

2.2.1   Motion for Preliminary Approval of Settlement and of Notices. Plaintiff will file a motion ("Preliminary Approval Motion") with the Court for entry of the Preliminary Approval Order. Plaintiff shall give Defendant at least five (5) days to review the Preliminary Approval Motion before filing. Defendant may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.2.2   Settlement Class. Plaintiff and Defendant agree to certification of the Settlement Class for settlement purposes only, and Defendant agrees not to challenge certification of the Settlement Class for settlement purposes. Plaintiff and Defendant further agree that, if the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Action and the claims asserted therein will revert to

7

their status as of the day immediately before the Agreement Execution Date. In such event, Defendant will not be deemed to have consented to the certification of any class, and the agreements and stipulations in this Settlement Agreement and its exhibits concerning class certification shall not be used in any way to support any class definition, any class period, any class certification, or for any other purpose, and Defendant will retain all rights to oppose class certification.

2.2.3 <u>Preliminary Approval Order; Issuance of Class Notice</u>. The Court shall issue the Preliminary Approval Order, substantially in the form of Exhibit B hereto. Subject to the requirements of the Preliminary Approval Order, Plaintiff shall cause the Class Notice, substantially in the form of Exhibit A hereto, to be disseminated to the Settlement Class and shall post the Class Notice on a website for the Settlement Class. The Parties will seek to set the Fairness Hearing for a date at least ninety (90) days after the mailing of the Class Notice to the Settlement Class and the date of mailing of CAFA Notices.

2.2.3.1 <u>Settlement Administrator</u>. Defendant's Counsel shall provide, or cause to be provided, the names, last known addresses, and the percentage of the total GIA assets that were previously invested in the Plan account of each Settlement Class Member at the time of the market value adjustment, to the Settlement Administrator to the extent available with reasonable effort in electronic format, or such other format as the Settlement Administrator may reasonably request, at least twenty-one (21) days prior to the deadline for mailing notice. The reasonable costs associated with the Class Notices shall be paid from the Qualified Settlement Fund and constitute Administrative Expenses.

2.2.3.1.1 The Parties shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for any readily accessible data that they have obtained from discovery, the settlement process, or through other reasonable efforts that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.2.3.1.2 The Settlement Administrator must agree to be bound by the Joint Stipulated Protective Order entered in the Action on May 21, 2025 and any further non-disclosure or security protocol required by the Parties.

2.2.3.1.3 The Settlement Administrator shall use the data acquired in discovery, the settlement process, or through other reasonable efforts including from the Plan's former Recordkeeper, solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

8

2.2.3.1.4      At the request of any of the Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.2.3.1.5      The Settlement Administrator may communicate with the Plan's former and current recordkeeper, with prior notice to Plaintiff's Counsel and Defense Counsel, if the Settlement Administrator believes that such communication may help to explain, verify, or supplement the information regarding the Class. Any reasonable expense incurred as a result of such communication, including legal fees, shall be deemed to be an Administrative Expense, and Plaintiff's Counsel shall request payment or reimbursement of any such expense from the Qualified Settlement Fund. This does not include attorneys' fees and litigation costs and expenses, which are addressed in Sections 1.5 and 10.1. Defendant shall not be obligated to make any payment related to Plan records inquiries in connection with the Settlement.

2.2.4      <u>Other Notices</u>. Defendant shall prepare and provide the CAFA Notices required by CAFA, as specified by 28 U.S.C. § 1715, and in the form attached as Exhibit D, within ten (10) days of Plaintiff filing the Preliminary Approval Motion with the Court. Defendant shall give Plaintiff's Counsel the opportunity to review the notices at least three (3) days before service. Defendant may use the Settlement Administrator to distribute the CAFA notices.

2.2.5      <u>Motion for Final Approval of Settlement</u>. Plaintiff will file a motion seeking final approval of the Settlement (the "<u>Final Approval Motion</u>") with the Court no later than forty-five (45) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order. Plaintiff's Counsel shall give Defendant's Counsel at least five (5) days to review and suggest changes to the Final Approval Motion before filing. Defendant may, but shall not be required to, submit papers in connection with the Final Approval Motion.

2.2.6      <u>The Fairness Hearing</u>. The Court will conduct a hearing at which it will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure ("<u>Fairness Hearing</u>"). At or after the Fairness Hearing, the Court will determine: (i) whether to enter the Final Order approving the Settlement and dismissing the Action; (ii) whether the distribution of the Net Settlement Fund as provided in Section 8.2 and as provided in the Plan of Allocation should be approved; (iii) what attorneys' fees and expenses should be granted to Plaintiff's Counsel; and (iv) what case contribution award should be granted to Plaintiff as contemplated by Article X of this Settlement Agreement. The Parties agree to

9

support entry of the Final Order as contemplated by clause (i) of this Section. Defendant will not take any position, and are not required to take any position, with respect to the matters described in clauses (ii) or (iii) of this Section, nor will Defendant enter into any agreement that restricts the application or disposition of the Settlement Fund. The Parties covenant and agree that they will take all reasonable steps and reasonably cooperate with one another in obtaining the Final Order as contemplated hereby at the Fairness Hearing.

2.2.7  <u>No Additional Actions</u>. Prior to the Fairness Hearing, no other party will have filed a separate class action or action on behalf of the Plan that asserts any of the Released Claims against any of the Released Parties.

2.3. <u>Condition #3: Funding of Settlement Amount</u>. The Class Settlement Amount shall have been deposited into the Qualified Settlement Fund in accordance with Sections 7.1 and 7.2.

2.4. <u>Condition #4: Finality of Final Order</u>. The Final Order in the Action shall become Final.

2.5. <u>Condition #5: Dismissal of Claims in the Action</u>. Upon the entry of the Final Order, the Action and all claims asserted therein shall be dismissed with prejudice.

## III.    RELEASES

3.1. <u>Released Claims</u>. Subject to Section 3.4 below, and effective upon the entry of the Final Order and Consent Judgment and payment of the Class Settlement Amount, each and all of the Releasing Parties hereby fully, finally, and forever releases, relinquishes, and discharges, to the fullest extent permitted by law, each and all Released Parties from and against all Released Claims, and shall forever be enjoined from prosecution of the Released Parties for any and all Released Claims (as defined in this Section 3.1). The Release in this Section 3.1 is in addition to the effect of the Final Order entered in accordance with this Settlement Agreement. For purposes of this Settlement Agreement, "<u>Released Claims</u>" means any and all present or past claims, demands, damages, losses, offsets, obligations, liabilities, warranties, costs, fees, fines, penalties, expenses, rights of action, suits, and causes of action of every kind and nature whatsoever, whether under federal, state, local, or foreign law, whether based on contract, statute, regulation, ordinance, the common law, or another legal or equitable theory of recovery, whether known or unknown, suspected or unsuspected, existing or claimed at, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in law or in equity, that any of the Releasing Parties has against the Released Parties that:

(i)     pertain to the selection, retention, or termination of the GIA contract;

(ii)    arise out of, relate to, or are based on the allegations, facts, matters, claims, causes of action, occurrences, or omissions before, up to, and including the Agreement Execution Date and that are set forth in (or could have been set forth in) Plaintiff's Complaint, including but not limited to:

(a) breach of duties or obligations (including fiduciary duties and obligations) under ERISA to the Plan, to Plaintiff, to the Settlement Class, or to the other participants in and beneficiaries of the Plan;

(b) failure to appoint, remove, and/or adequately monitor the Plan's fiduciaries;

(c) participation in a breach of fiduciary duty or transaction prohibited by ERISA relating to the Company or the Plan; or

(d) claims for injunctive or equitable relief relating to alleged violations of ERISA;

(iii) would be barred by principles of *res judicata* had the claims asserted in the Action been fully litigated and resulted in a final judgment or order;

(iv) pertain to any conduct related to the direction to calculate, the calculation of, and/or the method or manner of allocation or distribution of the Settlement Fund to the Plan or any participant in or beneficiary of the Plan pursuant to the Plan of Allocation; or

(v) That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

3.2. <u>Releases of Plaintiff and Plaintiff's Counsel</u>. Subject to Section 3.4 below, Defendant hereby agrees and shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, Plaintiff and Plaintiff's Counsel from any and all present or past claims and causes of action associated with the claims and causes of action pled in the Plaintiff's Complaint.

3.3. <u>Scope of Releases</u>. The Released Parties and the Releasing Parties intend and agree that the releases granted in this Article III shall be effective as a bar to any and all Released Claims. The Released Parties and the Releasing Parties hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory or other jurisdiction. Section 1542 reads in pertinent part:

A general release does not extend to claims that the creditor or releasing party does not suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

The Released Parties and the Releasing Parties each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that no Released Party or Releasing Party, would enter into this Settlement Agreement unless it included a broad release of the

11

Releasing Party's claims. The Released Parties and the Releasing Parties expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions. The Releasing Parties assume for themselves, the risk of his, her, or its, respective subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood, would in any respect have affected his, her, or its entry in this Settlement Agreement.

3.4.    <u>Claims Not Released</u>. The releases set forth in this Article III (the "<u>Releases</u>") are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express representations, warranties, and covenants in this Settlement Agreement; provided, however, that the Parties and their respective counsel shall have no responsibility or liability whatsoever with respect to the method and manner of allocation of the Settlement Fund, and Defendant and Defendant's Counsel shall have no liability whatsoever with respect to the distribution of the Class Settlement Amount.

## IV.    COVENANTS

4.1.    <u>Covenants Not to Sue</u>.  Plaintiff covenants and agrees on his own behalf, and on behalf of the Settlement Class and on behalf of the Plan: (i) not to commence or assert against any Released Party any action or claim released herein as a Released Claim, or any claim or action based on or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Released Parties.

4.2.    <u>Taxation of Settlement Fund</u>. Plaintiff acknowledges on his own behalf, and on behalf of the Settlement Class and on behalf of the Plan, that the Released Parties have no responsibility for any taxes due on funds once deposited in the Qualified Settlement Fund or that Plaintiff's Counsel receive from the Class Settlement Amount, should any be awarded pursuant to Article X hereof. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Qualified Settlement Fund.

## V.    REPRESENTATIONS AND WARRANTIES

5.1.    Plaintiff's Representations and Warranties.

    5.1.1    Plaintiff represents and warrants that he has not assigned or otherwise transferred any interest in any Released Claims against any Released Party and further covenants that he will not assign or otherwise transfer any interest in any Released Claims.

    5.1.2    Pursuant to Articles III and IV, Plaintiff represents and warrants that he shall have no surviving claim or cause of action against any of the Released Parties with respect to the Released Claims except as may relate to enforcement of the terms of this Settlement, if, as, and when approved by the Court.

5.2.   <u>Parties' Representations and Warranties</u>. The Parties each represent and warrant:

    5.2.1   That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their respective counsel, with the assistance and recommendation of the Mediator, the Honorable Mark Bennett, that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any party or by any Person representing any party to this Settlement Agreement. With respect to the Settlement, each of the Parties assumes the risk of mistake as to facts and/or law.

    5.2.2   That they have read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of such Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary or appropriate.

    5.2.3   Each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## VI.   USE AND EFFECT OF SETTLEMENT AGREEMENT

The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of fiduciary status under ERISA, any wrongdoing by Defendant under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority, or give rise to any inference of fiduciary status under ERISA or wrongdoing or admission of wrongdoing or liability under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses.  Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except: (i) in an action or proceeding arising under this Settlement Agreement, arising out of or relating to the Preliminary Approval Order or the Final Order; or (ii) in an action or proceeding where one or more of the Releases provided pursuant to this Settlement Agreement may serve as a bar to prosecution of the action or proceeding or as a bar to recovery.

## VII.   THE SETTLEMENT FUND AND DELIVERIES
## INTO THE SETTLEMENT FUND

7.1.   <u>The Settlement</u>. The Parties have agreed to resolve all matters in controversy between them in the Action for the total sum of Six Hundred-Fifty Thousand Dollars ($650,000).

7.2.   <u>The Settlement Fund</u>.

7.2.1   No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall cause the Qualified Settlement Fund to be established.  The Qualified Settlement Fund shall be governed by this Settlement Agreement and orders of the Court. The Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund Account within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1).

7.2.2   The Qualified Settlement Fund shall be governed by this Settlement Agreement. Settlement Administrator shall provide to Defendant's Counsel: (i) written notification of the date of establishment of the Qualified Settlement Fund; (ii) written notification of the following information regarding the Qualified Settlement Fund: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed for Defendant to cause the Class Settlement Amount, defined in Section 7.2.3, to be deposited into the Qualified Settlement Fund. Plaintiff's Counsel shall direct the Settlement Administrator to make distributions by wire transfer or check from the Qualified Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized by Plaintiff's Counsel.

7.2.3   Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall cause One Hundred Thousand Dollars ($100,000) to be deposited into the Qualified Settlement Fund for purposes of payment of Administrative Expenses. However, if Settlement Administrator has not provided Defense Counsel with the notifications and information required in Section 7.2.2(i)-(iii) within twenty (20) days of the entry of the Preliminary Approval Order, then the deadline for Defendant to cause the $100,000 to be deposited into the Qualified Settlement Fund shall be extended to ten (10) calendar days after the date on which Plaintiff's Counsel provides the notifications and information required in Section 7.2.2(i)-(iii). Seven (7) calendar days after the Effective Date of Settlement, Defendant shall cause an additional Five Hundred-Fifty Thousand Dollars ($550,000) to be deposited into the Qualified Settlement Fund. The two payments described in this Section 7.2.3 collectively comprise the "<u>Class Settlement Amount</u>."

7.2.4   The Class Settlement Amount, together with interest earned thereon, shall constitute the "<u>Gross Settlement Amount</u>." Under no circumstances shall Defendant, the Company or any other Released Party be responsible for any

14

payments, costs, or fees whatsoever under the Settlement beyond the obligations to cause the amount set forth in Section 7.2.3 to be deposited in the Qualified Settlement Fund as provided in this Article VII.

7.2.5   The Qualified Settlement Fund shall be structured and managed by the Settlement Administrator to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and provide reports to Plaintiff's Counsel for tax purposes. It is intended that the Qualified Settlement Fund be structured and administered to preserve, to the maximum degree possible, the potential tax benefits associated with ERISA-qualified retirement plans. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiff and the Settlement Class and shall be paid out of the Qualified Settlement Fund. The Class Settlement Amount will go into the Qualified Settlement Fund. Each of Plaintiff's Counsel shall have signature authority over the Qualified Settlement Fund. Plaintiff's Counsel shall direct the Settlement Administrator to pay from the Qualified Settlement Fund the costs and expenses of the Qualified Settlement Fund charged to the Qualified Settlement Fund in accordance with Section 8.1. Plaintiff's Counsel may instruct the Settlement Administrator to reserve any portion of the Qualified Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Qualified Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement. Defendant takes no position, directly or indirectly, with respect to such matters. The Parties acknowledge and agree that Defendant shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the Qualified Settlement Fund, or any distribution therefrom, or for any expenses the Qualified Settlement Fund may incur, or for any taxes that may be payable by the Qualified Settlement Fund or any distribution therefrom.

7.3.   <u>Sole Monetary Contribution</u>. The Class Settlement Amount shall be the full and sole monetary contribution made by the Released Parties in connection with this Settlement Agreement. The Class Settlement Amount covers any claims for expenses and attorneys' fees by Plaintiff, on his behalf or on behalf of the Settlement Class, as well as any expenses of the Class Notice and Settlement administration. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary court orders and approvals with respect to the same.

7.4.   <u>Receipt of Class Settlement Amount</u>. Within thirty (30) calendar days after full payment of the Class Settlement Amount, the Settlement Administrator shall provide to Plaintiff's Counsel a statement for the Qualified Settlement Fund showing receipt of the Class Settlement Amount.

## VIII.   PAYMENTS FROM THE SETTLEMENT FUND

8.1.   <u>Administrative Expenses</u>. Plaintiff's Counsel may direct the Settlement Administrator in writing, without notice to Defendant or further order of the Court, to disburse from the Qualified Settlement Fund payments for the following Administrative Expenses: (i) the amount required for payment of any taxes and tax expenses owed by the Qualified Settlement Fund (as described in Section 4.2), (ii) amounts for the reasonable expenses of administering the Qualified Settlement Fund, including (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the Qualified Settlement Fund; (b) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Qualified Settlement Fund; (c) fees charged and expenses incurred with the administration of the Qualified Settlement Fund and distribution of funds under the Plan of Allocation; and (d) reasonable costs incurred by the Settlement Administrator in preparing and mailing the Class Notice and any supplemental notice to the Settlement Class (as described in Section 2.2.3.1), (iii) the Administrative Expenses described in Section 2.1.4, and (iv) any other Administrative Expense described in Section 1.2. Administrative Expenses do not include attorneys' fees and litigation costs and expenses, which are governed by Sections 1.5 and 10.1.

8.2.   <u>Disbursements from the Settlement Fund</u>.

    8.2.1   Following the Effective Date of Settlement and upon receipt of Court approval, Plaintiff's Counsel may direct the Settlement Administrator in writing, without notice to Defendant or further order of the Court, to disburse money from the Qualified Settlement Fund as provided in Sections 10.2 and 10.3 and pursuant to the Plan of Allocation as provided below.

    8.2.2   <u>Plan of Allocation</u>. The Settlement Administrator shall calculate the amount of the Net Settlement Amount to be allocated to each Settlement Class Member ("<u>Settlement Credit Amount</u>").  Each Settlement Class Member's Settlement Credit Amount shall be equal to the Net Settlement Amount multiplied by the percentage of assets invested in the GIA at the time of the market-value adjustment.[1] In accordance with the procedures set forth in this Article, as approved or modified by the Court, the Settlement Administrator will distribute to each Class Member their Settlement Credit Amount. Any Settlement Credit Amounts distributed but not claimed shall revert to the Qualified Settlement Fund and be re-distributed *pro rata* to Settlement Class Members who claimed their Settlement Credit Amounts.

---

[1]      For illustrative purposes, if it is assumed that (i) the Net Settlement Amount equals $550,000; (ii) the total amount of assets held in the GIA immediately following the market-value adjustment equals $13,041,782; and (iii) Class Member A's Plan account held $40,000, then Class Member A's Settlement Credit Amount equals $1,686.89. This is because Class Member A's percentage of the GIA assets equals 0.3067% ($40,000/$13,041,782=0.003067), and the Net Settlement Amount multiplied by 0.3067% equals $1,686.89 ($550,000*0.003067=$1,686.89).

16

8.2.3   The Plan of Allocation shall be prepared by Plaintiff's Counsel and submitted to the Court for preliminary and final approval in connection with the preliminary and final approval motions contemplated by the Settlement Agreement, and shall provide for the allocation of the Qualified Settlement Fund net of the disbursements discussed herein ("<u>Net Settlement Fund</u>"). If the Court rejects this Plan of Allocation, Plaintiff's Counsel shall provide their revised plan of allocation for review and comment by Defendant's Counsel before submission to the Court.

8.2.4   Defendant shall have no responsibility for structuring the content of the Plan of Allocation but will have the right to review it for feasibility and cost of implementation before presentation to the Court. Costs of implementing the Plan of Allocation, including the costs of calculating the disbursements of the Net Settlement Fund to the members of the Settlement Class, the costs of distributing such Net Settlement Fund, and all the Settlement Administrator's fees shall be paid from the Qualified Settlement Fund. Confirmation of the allocation of the Net Settlement Fund to the members of the Settlement Class shall be performed by the Settlement Administrator, whose costs and fees shall be paid from the Qualified Settlement Fund.

8.2.5   Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendant, and Defendant shall take no position for or against the Plan of Allocation. Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel shall have no responsibility or liability for or in connection with the calculations and distributions of the Net Settlement Fund to the members of the Settlement Class. In the event of an error by the Settlement Administrator in the calculations or distributions of the Net Settlement Fund to the members of the Settlement Class, the Settlement Administrator shall correct the error within a reasonable amount of time.

8.2.6   The aggregate of all Settlement Credit Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such *pro rata* changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

8.2.7.   The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

8.3   <u>Final List of Class Members</u>. Prior to the disbursement of the Net Settlement Amount to the Class Members, the Settlement Administrator shall provide to Defendant's Counsel and Plaintiff's Counsel a final list of Class Members to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list shall be eligible to receive any recovery from this Settlement.

17

8.4    Payments to Current Participants.

8.4.1    Within a reasonable time after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons. In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.

8.4.2    Thereafter, within ten (10) business days' written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall effect a transfer from the Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheet provided by the Settlement Administrator. Defendant (or its designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in the amount stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

8.4.3    The settlement payment for each Current Participant who is an active participant in the Plan (i.e., has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions. If the Current Participant is no longer an active participant in the Plan, or does not have an investment election on file, then such participant shall be deemed to have directed such payment to be invested in the Plan's default investment option. Likewise, the settlement payment to each Beneficiary or Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

8.4.4    The Plan's Recordkeeper shall process all settlement payments to Current Participants as soon as administratively feasible after the Plan receives the payment from the Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

8.4.5    If, as of the date when payments pursuant to this Settlement Agreement are made, an individual previously identified as a Current Participant, when the Settlement Administrator provided the information described in Section 8.4.1, no longer has an Active Account, he, she, or they will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her, or their payment from the Settlement Administrator as described in Paragraph 8.5;

18

provided, however, to the extent permitted by the Plan's Recordkeeper, such individual shall receive their payment by the same means as their recent withdrawal of funds from their account in the Plan instead of having to submit a Rollover Form as described in Paragraph 8.5.

8.5 <u>Payments to Former Participants</u>. Each Former Participant will have the opportunity to elect distribution of their settlement payment by rollover of his, her, or their settlement payment to an individual retirement account/annuity or another eligible employer-sponsored qualified retirement plan, identified on the Rollover Form, provided that such individual supplies adequate information to the Settlement Administrator to effect the rollover and provides the completed Rollover Form no later than [date] (the "<u>Rollover Deadline</u>"). The distributions shall be issued as follows:

8.5.1 After the Rollover Deadline, the Settlement Administrator will effect from the Settlement Fund the rollover of the settlement payment owed to each Former Participant who elected a rollover in a timely filed Rollover Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the settlement distribution by rollover.

8.5.2 With respect to a settlement payment to each Former Participant who does not timely submit a Rollover Form, the Settlement Administrator will effect from the Settlement Fund such individual's payment depending on the amount of the settlement payment: (i) for a settlement payment equal to or less than $1,000, issue a check from the Settlement Fund to the Former Participant with any applicable taxes withheld and mail the check to the address of such individual listed in the Plan's records, or, in the case of ambiguity or uncertainty, to the address of such individual as determined by the Settlement Administrator using commercially reasonable means, (ii) for a settlement payment greater than $1,000 but equal to or less than $7,000, process a forced rollover of the settlement payment to a Plan-designated IRA in the name of the individual (the Plan currently utilizes Fidelity for small account forced rollovers) to be invested in a manner consistent with the investment of other Plan small account forced rollovers,, and issue a notice to the Former Participant of such forced rollover; or (iii) for a settlement payment greater than $7,000, the Settlement Administrator will transfer the settlement payment to the Plan to be allocated to an account that will be recreated for the individual and to be invested in the Plan's default investment option.

8.5.3 With respect to small settlement payments paid by check as provided in Paragraph 8.5.3(i), the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

Docusign Envelope ID: 7B9005F6-F158-4EA4-B219-F40F7D46BA6A

8.6    <u>Responsibility for Taxes</u>.

8.6.1    The Parties acknowledge that any payments to Settlement Class Members are subject to applicable tax laws. Defendant's Counsel, Defendant, Plaintiff, and Plaintiff's Counsel will not provide tax advice to the Class Members and will make no representations regarding the potential tax consequences of any of the Settlement payments described in this Settlement Agreement. Any required tax withholdings will be made, and reporting and remitting will be performed by the Settlement Administrator, as required by applicable laws and the terms of this Settlement Agreement in respect of all payments or distributions made under the Settlement Agreement.

8.6.2    The Settlement Administrator is the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and the terms of this Settlement Agreement. Consistent with Treas. Reg. § 1.468B-2(l)(2), and under the terms of this Settlement Agreement, the Settlement Administrator shall have sole responsibility for tax withholding and reporting for the Qualified Settlement Fund and its distributions, and the fulfillment of plan administrative functions related to the distributions, including determining whether the distributions to the Settlement Class Members qualify as eligible rollover distributions within the meaning of Code Section 402 and implementing regulations and, if so, for compliance with same, including responsibility for any notices that may be required for such distributions.

8.6.3    Each Settlement Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold Defendant, Defendant's Counsel, Released Parties, Plaintiff's Counsel, and the Settlement Administrator harmless from (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit) related to such tax liability.

8.7    The Released Parties shall have no responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Qualified Settlement Fund or otherwise; (b) the management, investment, or distribution of the Qualified Settlement Fund; (c) the Plan of Allocation as approved by the Court; (d) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax

reporting or payments to or tax withholding from payments made to Class Members from the Qualified Settlement Fund, or the filing of any returns. Further, the Released Parties shall have no responsibility for or liability whatsoever with respect to any act, omission, or determination of the Settlement Administrator in connection with the administration of the Qualified Settlement Fund, including the offering of a tax-qualified rollover to Class Members, or otherwise.

8.8 All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. Any check that is returned by mail undelivered or otherwise is not cashed before the check's expiration date shall return to the Settlement Fund. The Settlement Administrator shall use the method described in Paragraph 8.5.3(ii) to effect the payment from the Settlement Fund to the Former Participant(s) who failed to receive or cash such check(s).

8.9 No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the benefit of the Plan's participants, and not to be used to defray any expenses that would otherwise be paid by Defendant or to defray Defendant's fees and costs in connection with the Class Action.

8.10 Report of Settlement Payments. Within 30 days after the latest expiration date of any checks issued to Class Members, the Settlement Administrator shall prepare and provide to Defendant's Counsel and Plaintiff's Counsel a report listing (i) each person who received a settlement payment; (ii) the form of the settlement payment (i.e., rollover or check); (iii) the gross amount of the settlement payment; (iv) the net amount of the settlement payment after any tax withholdings; (v) the date of issuance of the settlement payment; and (vi) the date the settlement payment cleared, if applicable.

## IX. TERMINATION OF THE SETTLEMENT AGREEMENT

9.1 Termination. Prior to entry of the Final Order, automatic termination of this Settlement Agreement will occur under the following circumstances:

9.1.1 If (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendant reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

9.1.2 If the Court declines to approve the Settlement, then this Settlement Agreement shall automatically terminate thirty (30) days after such order becomes Final.

9.1.3 If (a) the Court enters an order modifying the economic terms of this Settlement Agreement or materially modifying any term of the Final Order, and (b) within

21

twenty (20) days after the date of any such ruling or within twenty (20) days after the date of the Court's order following a motion for reconsideration of any such ruling, whichever is later, the Party detrimentally affected by the modification(s) declines to waive its objections to the modifications and the Parties otherwise are not able to reach an agreement in light of the modifications, then this Settlement Agreement shall automatically terminate on the twentieth (20th) day after issuance of the order referenced in this Section 9.1.2.

9.1.4   If any or all of the conditions of Article II of this Settlement Agreement are not satisfied in accordance with their terms and substantially in accordance with the timetable set forth in that Article, then this Settlement Agreement shall be terminable by any Party (unless the Party seeking termination caused the failure) thirty (30) days after the applicable deadline set forth in Article II has passed; provided, however, that the Party or Parties that caused the conditions of Article II to not be satisfied shall first be given reasonable notice in writing and an opportunity to cure the deficiency. Notwithstanding anything in this Section 9.1, the Settlement Agreement is not subject to termination solely as a result of a decision or order of the Court concerning an award of attorneys' fees or expenses to Plaintiff's Counsel.

9.2   <u>Consequences of Termination of the Settlement Agreement</u>. If the Settlement Agreement is terminated for any reason specified in Section 9.1, the following shall occur:

9.2.1   The Settlement Agreement and the Settlement shall be deemed void and of no further force and effect, with the Parties reserving all rights and returning to their respective positions on the day immediately before the Agreement Execution Date. Notwithstanding the foregoing, the following provisions of this Settlement Agreement shall remain in effect and shall survive the termination of the Settlement Agreement: Article V (Representations and Warranties); Article VI (Use and Effect of Settlement Agreement); this Article IX (Termination of the Settlement Agreement); and Article XI (Miscellaneous Provisions).

9.2.2   The Action shall, for all purposes with respect to the Parties, revert to its respective status as of the day immediately before the Agreement Execution Date.

9.2.3   After payment of any Administration Expenses as described in paragraph 8.1, any funds remaining in the Qualified Settlement Fund will be returned to Defendant.

## X. ATTORNEYS' FEES AND EXPENSES

10.1. <u>Application for Attorneys' Fees and Expenses</u>. Plaintiff's Counsel may apply to the Court for an award to Plaintiff's Counsel of attorneys' fees and for reimbursement of litigation expenses and costs associated with the Action in a total amount not to exceed one-third (1/3) of the Class Settlement Amount, to be paid from the Class Settlement Amount of the Qualified Settlement Fund. Plaintiff's Counsel's attorneys' fees may include attorneys' fees and litigation costs and expenses incurred in securing all necessary Court orders and approvals with respect to the Settlement Agreement.

10.2. <u>Disbursement of Attorneys' Fees and Costs</u>.

    10.2.1 Following the Effective Date of Settlement and Court approval of Plaintiff's Counsel's motion for attorneys' fees and expenses, Plaintiff's Counsel may instruct the Settlement Administrator in writing to disburse payment of the Attorneys' Fees and Costs from the Class Settlement Amount of the Qualified Settlement Fund immediately.

    10.2.2 If, at the time of any disbursement from the Class Settlement Amount of the Qualified Settlement Fund pursuant to Article VIII, there shall be a pending application for attorneys' fees or expenses, there shall be reserved in the Class Settlement Amount of the Qualified Settlement Fund an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and such ruling shall become Final.

10.3. <u>Case Contribution Award</u>. Following the Effective Date of Settlement and upon Court approval, Plaintiff's Counsel may instruct the Settlement Administrator in writing to disburse payment of a case contribution award to Plaintiff in an amount not to exceed $10,000 to be paid from the Class Settlement Amount of the Qualified Settlement Fund.

## XI. MISCELLANEOUS PROVISIONS

11.1. <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of North Carolina without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2. <u>Return of Materials</u>. Each Party that received material designated "confidential" from an opposing Party or third party in the course of litigating the Action shall, within sixty (60) days after the Effective Date of Settlement, comply with its obligations under paragraph 17 of the Joint Stipulated Protective Order entered in the Action on May 21, 2025.

11.3. <u>Retention of Privilege</u>. Nothing in this Settlement Agreement, or the negotiations relating to it, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

23

Docusign Envelope ID: 7B9005F6-F158-4EA4-B219-F40F7D46BA6A

11.4. <u>Severability</u>. The material provisions of this Settlement Agreement are not severable.

11.5. <u>Amendment</u>. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

11.6. <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.7. <u>Construction</u>. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.8. <u>Principles of Interpretation</u>. The following principles of interpretation apply to this Settlement Agreement.

   11.8.1 <u>Headings</u>. The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

   11.8.2 <u>Singular and Plural</u>. Definitions apply to the singular and plural forms of each term defined.

   11.8.3 <u>Gender</u>. Definitions apply to the masculine, feminine, and neuter genders of each terns defined.

   11.8.4 <u>Terms of Inclusion</u>. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation." The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

11.9. <u>Further Assurances</u>. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that he, she, or it will, in good faith, execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

11.10. <u>Notices</u>. Any notice, demand, or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, electronic mail or delivered by reputable express overnight courier:

IF TO PLAINTIFF:

Jennifer Lee
**ENGSTROM LEE, LLC**
323 N. Washington Ave., Ste 200
Minneapolis, MN 55405
<u>jlee@engstromlee.com</u>

IF TO DEFENDANT:

Todd D. Wozniak
Lindsey R. Camp
**HOLLAND & KNIGHT, LLP**
1180 West Peachtree Street NW
Atlanta, Georgia 30309
<u>todd.wozniak@hklaw.com</u>
<u>lindsey.camp@hklaw.com</u>

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

11.11. <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement among the Parties relating to the Settlement. It specifically supersedes any settlement terms or settlement agreement relating to Plaintiff and Defendant that were previously agreed orally or in writing by any of the Parties, including the Parties' term sheet.

11.12. <u>Counterparts</u>. This Settlement Agreement may be executed by exchange of faxed or electronically transmitted (.pdf) executed signature pages, and any signature transmitted by facsimile or .pdf for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. This Settlement Agreement may be signed electronically (*e.g.*, by DocuSign).

Docusign Envelope ID: 7B9005F6-F158-4EA4-B219-F40F7D46BA6A

11.13. <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their respective assigns, heirs, administrators, executors, Successors-In-Interest, and Representatives.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

FOR PLAINTIFF

Dated: December 2, 2025

By: _____

FOR DEFENDANT

Dated: December 2, 2025

By: _____

Signed by:

*Tracy Willis*

01556D7B8C6B40F...

Title: ___VP, Associate General Counsel and Corporate Secretary___

26

11.13. <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their respective assigns, heirs, administrators, executors, Successors-In-Interest, and Representatives.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

FOR PLAINTIFF

Dated: December 2, 2025

By: _____

Jennifer Lee, Counsel for Plaintiff

FOR DEFENDANT

Dated: December 2, 2025

By: _____
Title: _____

26

Docusign Envelope ID: 7B9005F6-F158-4EA4-B219-F40F7D46BA6A

## EXHIBITS TO THE SETTLEMENT AGREEMENT

Exhibit A      Class Notice

Exhibit B      Preliminary Approval Order

Exhibit C      Final Order

Exhibit D      CAFA Notice

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT
*in*
# REPUBLIC MORTGAGE INSURANCE COMPANY 401(k)PLAN LITIGATION

*Allison v. Republic Mortgage Insurance Company,*
**Case No. 1:24-cv-00950-CCE-LPA (M.D.N.C.)**

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**If you are a member of the Class, the settlement will affect your legal rights.**
**This is <u>not</u> a solicitation from a lawyer.**
**You have <u>not</u> been sued.**

- A Settlement has been reached in a class action lawsuit concerning the Republic Mortgage Insurance Company and Affiliated Companies Profit Sharing Plan (the "Plan"). The class action lawsuit involves whether the Plan was administered in accordance with the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), including whether it was appropriate to maintain the Plan's guaranteed interest account investment option ("GIA") as one of the Plan's available investment options after December 2021. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan.

- The defendant in the class action is Republic Mortgage Insurance Company ("RMIC" or "Defendant"). Defendant denies all claims, and nothing in the Settlement is an admission or concession on Defendant's part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $650,000 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved disbursements for Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- The Settlement Class (whose members are "Settlement Class Members") includes all participants in the Plan whose account balances were reduced by the market value adjustment to the assets invested in the GIA in or around January 2024, and their beneficiaries of record and alternate payees to the extent applicable, excluding the fiduciaries of the Plan (and their beneficiaries and alternate payees).

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that RMIC, Republic Financial Indemnity Group, Inc.,

Old Republic International Corporation and any of their affiliates, current or former employees, attorneys, or representatives may not advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement in this Class Action and those final approvals are upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Catherine C. Eagles, Courtroom _____, United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544 to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, the requested Case Contribution Award to the Class Representative, and Administrative Expenses. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Case Contribution Awards, and/or Administrative Expenses, must be filed with the Clerk of Court and served in writing on Class Counsel and Defense counsel, as identified in Item 11 below.

## The Class Action

The case is called *Allison v. Republic Mortgage Insurance Company,* Case No. 1:24-cv-00950-CCE-LPA (M.D.N.C.) (the "Class Action" or "lawsuit"). It has been pending since November 15, 2024. The Court supervising the case is the United States District Court for the Middle District of North Carolina. The individual who brought this lawsuit is called the Class Representative, and the person that was sued is called the Defendant. The Class Representative—Matt B. Allison—was a participant in the Plan who was invested in the GIA at the time of the market value adjustment in January 2024 that reduced the value of his Plan account. Defendant is RMIC. The claims in the lawsuit are described in Item 2 below, and additional information about them, including a copy of the operative First Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations facilitated by a mediator with the Class Representative, Class Counsel, Defendant, and Defense Counsel, a Settlement has been reached. If the Settlement is approved, a Qualified Settlement Fund of $650,000 will be established to resolve the claims against Defendant in the Class Action as part of the Settlement. The "Net Settlement Amount" is $650,000 plus any interest earned by the Qualified Settlement Fund minus all Court-approved: (a) Attorneys' Fees and Costs; (b) Administrative Expenses; and (c) Case Contribution Award. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

**EXHIBIT A**

**Statement of Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution
Award Sought in the Class Action**

Class Counsel has devoted hundreds of hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendant, and negotiating the Settlement. During that time, they also advanced significant costs that were necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case and the litigation costs advanced. The amount of fees and costs that Class Counsel will request will not exceed one-third (1/3) of the Class Settlement Amount ($216,450, which is one-third of $650,000). In addition, Class Counsel will seek to recover Administrative Expenses associated with the Settlement, and request a Case Contribution Award of up to $10,000 for the Class Representative. Any Court-approved Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses will be paid or reimbursed from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544.

| 1.   Why Did I Receive This Settlement Notice? |
| --- |

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

| 2.   What Is the Class Action About? |
| --- |

In the Class Action, the Class Representative claims that the Defendant improperly administered the Plan by failing to remove the GIA from the Plan's investment lineup after December 2021 and failing to mitigate the risk of a negative market-value adjustment of the assets invested in the GIA. Defendant denies the claims and asserts that it has always acted prudently and in the best interests of participants and beneficiaries.

| 3.   Why Is There A Settlement? |
| --- |

The Court has not reached a final decision as to the Class Representative's claims. Instead, the Class Representative and Defendant have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representative, Defendant, and their respective counsel. These negotiations were facilitated by an experienced mediator with knowledge of ERISA. The parties to the Settlement have taken into account the uncertainty, risks, and costs of

litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representative and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on Defendant's part of any fault or liability whatsoever. Defendant has entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does the Settlement Provide?

Under the Settlement, Defendant will cause $650,000 to be paid into a Qualified Settlement Fund to resolve the claims of the Settlement Class against Defendant. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further in Item 5, below).

All Settlement Class Members and anyone claiming through them will fully release Defendant and the Released Parties from certain Released Claims, as defined in the Settlement Agreement. The Released Parties include Defendant and certain related parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Class Action against Defendant, or which could have been asserted against Defendant in connection with the Class Action.

This is *only* a summary of the Released Claims and is not a binding description. The governing releases are found within Article 7 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5. How May I Benefit From The Settlement?

You may be entitled to payment of a portion of the Net Settlement Amount. The amount paid to each Settlement Class Member will be determined by a Plan of Allocation.

As explained below, if you are a Settlement Class Member who is a current employee or Beneficiary or Alternate Payee of a current employee who has an Active Account in the Plan (a "Current Participant"), payment shall be made into your account in the Plan.

If you are a Settlement Class Member who is a former employee or Beneficiary or Alternate Payee of a former employee who no longer has an Active Account in the Plan (a "Former Participant"), you will need to submit the enclosed Rollover Form by the submission deadline ([date]) if you would like to request your payment under the Settlement to be directly rolled over to an individual retirement account/annuity or to another eligible employer-sponsored qualified retirement plan. If you do not submit a Rollover Form, depending on the amount of your payment, you may be issued a check (with taxes withheld), or your payment may be rolled over to a Plan-designated IRA or deposited in the Plan and allocated to a recreated account for your benefit.

## 6. How Much Will I Receive From The Settlement?

The amount, if any, that will be allocated to you will be based upon records provided by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement

4

Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice.

According to preliminary review of Plan records, there are 101 Settlement Class Members. Pursuant to the proposed Plan of Allocation, the Net Settlement Amount will be divided among Settlement Class Members. Each Settlement Class Member will have the opportunity to receive a share of the Net Settlement Amount (defined in the Settlement Agreement as their "Settlement Credit Amount") equal to the Net Settlement Amount multiplied by the percentage of assets invested in the GIA at the time of the market-value adjustment that occurred on or about January 2024[, which was associated with the termination of the GIA contract]. In addition, any Settlement Credit Amounts distributed but not claimed shall be distributed *pro rata* to Settlement Class Members who claimed their Settlement Credit Amounts. The Settlement Agreement provides the following illustrative example of the proposed Plan of Allocation:

> For illustrative purposes, if it is assumed that (i) the Net Settlement Amount equals $550,000; (ii) the total amount of assets invested in the GIA immediately following the market-value adjustment equals $13,041,782; and (iii) Class Member A Plan account was invested in $40,000, then Class Member A's Settlement Credit Amount equals $1,686.89. This is because Class Member A's percentage of the GIA assets equals 0.3067% ($40,000/$13,041,782=0.003067), and the Net Settlement Amount multiplied by 0.3067% equals $1,686.89 ($550,000*0.003067=$1,686.89).

A more complete description regarding the details of the Plan of Allocation can be found in the Settlement Agreement, which is available at [www.settlementwebsite.com].

| **7.  How Can I Receive My Settlement Distribution?** |
| --- |

Settlement Class Members do not need to submit a claim to be eligible for a payment under the Settlement. If you are a Current Participant (*i.e.*, you have an Active Account in the Plan), you will receive any payment for which you are eligible automatically in your Plan account.

If you are a Former Participant (*i.e.*, do not have an Active Account in the Plan), you can submit a Rollover Form by the submission deadline if you would like to receive any payment to which you are eligible rolled over to an individual retirement account/annuity or another eligible employer-sponsored qualified retirement plan. Otherwise, depending on the amount of your payment, you may be issued a check (with taxes withheld), or your payment may be rolled over to a Plan-designated IRA or deposited in the Plan and allocated to a recreated account for your benefit.

| **8.  When Will I Receive My Distribution?** |
| --- |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement in this Action and any approvals becoming final and no longer subject to any appeals in any court. An appeal of the final approval orders may take several years. If the Settlement is approved by the Court and there are no appeals, the

Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order in this Action, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 9. Can I Exclude Myself from The Settlement?

No. The Class has been certified for Settlement purposes under Federal Rule of Civil Procedure 23(b). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may file an objection with the Clerk of the Court and write to Plaintiff's Counsel and Defense Counsel about why you object to the Settlement, as discussed below.

## 10. Do I Have a Lawyer in The Case?

The Court has appointed the law firms of Engstrom Lee LLC and Morgan & Morgan, P.A. as Plaintiff's Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of attorneys' fees and costs, Case Contribution Award, and Administrative Expenses, prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for attorneys' fees and costs to no more than one-third (1/3) of the Class Settlement Amount. In addition, Class Counsel will seek to recover Administrative Expenses associated with the Settlement as well as a Case Contribution Award for the Class Representative. The Court will determine the amount of fees, costs, Case Contribution Award, and Administrative Expenses that will be awarded, if any. All papers filed in this Class Action, including Class Counsel's motion for Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses, will be available for review on the Settlement Website [www.settlementwebsite.com] and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 12. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to Defense Counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must: (1) clearly identify the case name and number: *Allison v. Republic Mortgage Insurance Company*, Case No. 1:24-cv-00950-CCE-LPA; (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defense Counsel and postmarked no later than 30 calendar days prior to Fairness Hearing to be considered. Class Counsel and Defense Counsel will have an opportunity to respond to your objection. You also must file your objection with the Court by mailing or hand delivering it to the Clerk of Court of the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544.

6

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Charlie C. Gokey<br>Jennifer K. Lee<br>**ENGSTROM LEE LLC**<br>323 N. Washington Ave., Suite 200<br>Minneapolis, Minnesota 55401<br><br>Jean S. Martin<br>Marc R. Edelman<br>**MORGAN & MORGAN, P.A.**<br>201 N. Franklin Street, Suite 700<br>Tampa, Florida 33602 | Todd D. Wozniak<br>Lindsey R. Camp<br>**HOLLAND & KNIGHT, LLP**<br>1180 West Peachtree Street NW<br>Suite 1800<br>Atlanta, Georgia 30309 |

## 13. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, in Courtroom ____, the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for attorneys' fees and costs, Case Contribution Award, and Administrative Expenses. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlemementwebsite.com].

## 14. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

## 15. May I Speak at The Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must file an intent of notice to participate with the Clerk of the Court and mail to Class Counsel and Defense Counsel (as identified in Item 11, above) a notice of intent to appear postmarked at least 14 calendar days before the Fairness Hearing. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlement.

## 16. What Happens If I Do Nothing at All?

IF YOU DO NOTHING AND THE COURT APPROVES OF THE SETTLEMENT, YOU AND ALL OTHER CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS.

If you are a Current Participant or a Beneficiary or Alternate Payee of a Current Participant with an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement benefits.

If you are a Former Participant or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, there are a few ways you can receive your distribution automatically, depending on the amount of your distribution. If your distribution from the Settlement will be $1,000 or less, then you will automatically receive your distribution in the form of a check (with taxes withheld). If your distribution from the Settlement will be greater than $1,000 but equal to or less than $7,000, your distribution will be automatically deposited into a Plan-designated IRA. Finally, if your distribution from the Settlement is greater than $7,000 your distribution will automatically be deposited into an account in the Plan to be recreated for you.

## 17. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544. Please note that RMIC, Republic Financial Indemnity Group, Inc., Old Republic International Corporation and any of their affiliates, current or former employees, attorneys, or representatives may not advise you regarding the Settlement or how you should proceed.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MATT B. ALLISON, as representative of a class of similarly situated persons, and on behalf of the Republic Mortgage Insurance Company and Affiliated Companies Profit Sharing Plan,<br><br>     Plaintiff,<br><br>v.<br><br>REPUBLIC MORTGAGE INSURANCE COMPANY,<br><br>     Defendant. | Case No. 1:24-cv-00950-CCE-LPA |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

Plaintiff Matt B. Allison, individually and as Class Representative ("Plaintiff" or "Class Representative"), has moved, pursuant to Federal Rule of Civil Procedure 23, for an order of preliminary approval of the settlement of this Action and for certification of a settlement class, in accordance with the Settlement Agreement dated December 2, 2025 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this Action. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, **GRANTS** the motion and **ORDERS** as follows:

1. Plaintiff, on behalf of himself and all members of the Settlement Class, and Defendant have negotiated a potential settlement to this Action to avoid the expense, uncertainty,

and burden of protracted litigation, and to resolve the Released Claims against Defendant and the other Released Parties.

2. Unless otherwise indicated, this Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meaning as in the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in this Court is proper.

4. Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery in this Action; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Fourth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5. Pursuant to Federal Rule of Civil Procedure 23(b), the Court certifies, for settlement purposes only, the following Settlement Class:

> All participants in the Plan whose account balances were reduced by the market value adjustment to the assets invested in the guaranteed interest account investment option in or around January 2024, and their beneficiaries of record and alternate payees to the extent applicable, excluding the fiduciaries of the Plan (and their beneficiaries and alternate payees).

6. Plaintiff Matt B. Allison is appointed as the Class Representative, and Engstrom Lee LLC and Morgan & Morgan, P.A are appointed as Class Counsel for the Settlement Class.

2

7.     Pursuant to the Settlement Agreement, Fiduciary Counselors is appointed as the Independent Fiduciary.

8.     The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes each Class Member's distribution be equal to the Net Settlement Amount multiplied by the percentage of assets each Class Member's Plan account had invested in the guaranteed interest account investment option at the time of the market-value adjustment in or around January 2024.

9.     The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes reasonable and appropriate notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

10.     Pursuant to the Settlement Agreement, Atticus Administration is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

3

11.     The Court approves the establishment of the Qualified Settlement Fund._ Atticus Administration shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified eligible rollover distributions may be offered to the Settlement Class Members.

12.     No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from the Plan's former or current Recordkeeper, provided in discovery, obtained through the settlement discussions or Settlement Class Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

13.     In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

14.     On [date] at [time] [no sooner than 120 days after the entry of this Order], or at such other date and time later set by Court Order,[1] in Courtroom _____ of the United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate;

---

[1]     Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

4

(b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

15.     Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel within fourteen (14) calendar days before the Final Fairness Hearing.

5

16.     Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing.

17.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

18.     Any application for Attorneys' Fees and Costs, Case Contribution Award, Administrative Expenses, shall be filed no later than forty-five (45) calendar days prior to the deadline for objections.

19.     No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

20.     Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendant, the Released Parties, and/or the Plan.

21.     The Court approves the CAFA Notice in the form attached as Exhibit D to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendant shall have fulfilled its obligations under CAFA.

22.     This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

It is so ORDERED this ___ day of _____, 2025.

_____
Honorable Catherine C. Eagles
United States District Judge

6

# EXHIBIT C

**Exhibit C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| MATT B. ALLISON, as representative of a class of similarly situated persons, and on behalf of the Republic Mortgage Insurance Company and Affiliated Companies Profit Sharing Plan, | Case No. 1:24-cv-00950-CCE-LPA |
| Plaintiff, | |
| v. | |
| REPUBLIC MORTGAGE INSURANCE COMPANY, | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT**

The above-entitled matter came before the Court on the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). Plaintiff's Counsel also has submitted to the Court their Motion for an Order Awarding Attorneys' Fees and Costs and Expenses to Plaintiff's Counsel and Case Contribution Award to the Class Representative ("Plaintiff's Counsel Fees and Costs Motion"). After review of the Unopposed Motion for Final Approval of Settlement and the attachments thereto, the Court **GRANTS** the motions and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement filed with the Court.

1

**Exhibit C**

1.     The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all Parties to this Action, including all members of the Settlement Class.

2.     The Court certifies, for Settlement purposes only, the following Settlement Class:

> All participants in the Plan whose account balances were reduced by the market value adjustment to the assets invested in the guaranteed interest account investment option in or around January 2024, and their beneficiaries of record and alternate payees to the extent applicable, excluding the fiduciaries of the Plan (and their beneficiaries and alternate payees).

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3.     Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and finds the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

4.     The Court hereby orders that the Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5.     The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

6.     In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, _____, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, __% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

2

**Exhibit C**

7.     The Settlement was reviewed by an independent fiduciary, _____, who has approved the Settlement.

8.     The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.     The Settlement resulted from arms-length negotiations between Class Counsel and counsel for the Defendant.

B.     The settlement negotiations were conducted by experienced and competent counsel and was overseen by a neutral and experienced mediator;

C.     The Settlement was negotiated only after Class Counsel received substantial discovery from Defendant;

D.     The Parties were well positioned to evaluate the value of the Class Action;

E.     If the Settlement had not been achieved, Plaintiff and Defendant faced the expense, risk, and uncertainty of protracted litigation;

F.     The Class Settlement Amount provided for in the Settlement ($650,000) is fair, reasonable, and adequate. The Class Settlement Amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

G.     The Class Representative has actively and independently participated in the Class Action;

H.     The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

# Exhibit C

I.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

J.      There were _____ objections to the Settlement. _____ of those objections were timely. The Court has considered all of them, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

10.     Plaintiff and Class Counsel have moved for an award of attorneys' fees in the amount of $_____ and costs and expenses of $_____, which together shall not total more than one-third (1/3) of the Class Settlement Amount. The Court has considered this application for fees and expenses separately and independently from this Judgment and the Court's approval of the Settlement. The Court finds that an award of $_____ in attorneys' fees and $_____ in costs and expenses, which together do not total more than one-third (1/3) of the Class Settlement Amount, is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Class Settlement Amount.

11.     The Court further finds that Case Contribution Award for Class Representative Matt B. Allison in the amount of $_____ is fair and reasonable, and the Court approves of the Case Contribution Award in that amount. The Court directs the Settlement Administrator to disburse these amounts to the Class Representative as provided in the Settlement Agreement.

4

Exhibit C

12.     This Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice without costs to any of the Parties other than as provided for in the Settlement Agreement.

13.     The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14.     Each Class Member shall release the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Class Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

15.     The release provisions of Article 3 of the Settlement Agreement shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

**Exhibit C**

16.     The Court finds that all applicable CAFA requirements have been satisfied.

17.     The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation. The Settlement Administrator is further authorized to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

18.     Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

20.     The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.


It is so ORDERED this ___ day of _____, 2026.


_____
Honorable Catherine C. Eagles
United States District Judge

6

# EXHIBIT D

**[Add letterhead]**

**By First Class Mail, Return Receipt Requested**

[INSERT ADDRESS BLOCK]

Re:     *Matt B. Allison v. Republic Mortgage Insurance Company*,
        Case No. 1:24-cv-00950-CCE-LPA (M.D.N.C.)

Dear Attorney General:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant Republic Mortgage Insurance Company gives notice of a proposed settlement in the above-referenced matter related to the Republic Mortgage Insurance Company and Affiliated Companies Profit Sharing Plan, which was merged into the ORI 401(K) Savings and Profit Sharing Plan in 2024 (the "Plan").

On [INSERT DATE], Plaintiff's Counsel filed a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") notifying the United States District Court for the Middle District of North Carolina of a proposed settlement of the above-captioned matter. The Settlement Agreement contemplates that the Court will certify a class for settlement purposes defined as:

> All participants in the Plan whose account balances were reduced by the market value adjustment to the assets invested in the guaranteed interest account investment option in or around January 2024, and their beneficiaries of record and alternate payees to the extent applicable, excluding the fiduciaries of the Plan (and their beneficiaries and alternate payees).

In accordance with 28 U.S.C. § 1715(b), Defendant provides the following documents on the enclosed CD:

1. Plaintiff's Class Action Complaint;

2. Plaintiff's Amended Class Action Complaint; and

3. Plaintiff's Unopposed Motion for Preliminary Approval, along with the supporting materials, which include:
   i.    Declaration of _____ in Support of Plaintiff's Motion for Preliminary Approval;
   ii.   Exhibit 1, Class Action Settlement Agreement
   iii.  Exhibit A, Notice of Class Action Settlement;
   iv.   Exhibit B, Proposed Order Preliminarily Approving Class Action Settlement;
   v.    Exhibit C, Proposed Final Approval Order and Final Judgment
   vi.   Exhibit D, CAFA Notice template;

Given the nature of the claims in the Class Action, it is not feasible at this time to ascertain the names of all the members of the class who reside in each state. However, a chart showing the approximate numbers of Class Members residing in each state, based on the address data on file with the Plan, is attached.

The material terms of the settlement are as follows:

> Defendant agrees to cause $650,000 to be paid into a Qualified Settlement Fund. Class Members are eligible to receive a share of the amount in the settlement fund remaining after payment of administrative expenses, any attorneys' fees and expenses the Court may award to Plaintiff's Counsel, and any case contribution award to the Class Representative. The amount of each Class Member's payment will be based proportionately on his or her Plan account balance invested in the guaranteed interest account investment option immediately following the market-value adjustment in January 2024 and will be determined according to a Plan of Allocation set forth in the Settlement Agreement that was submitted by Class Counsel to the District Court Judge as part of the preliminary approval proceedings.

On [INSERT DATE], United States District Catherine C. Eagles granted Plaintiff's Motion for Preliminary Approval of Settlement. The Court set the Final Fairness Hearing for [INSERT DATE], at [TIME] E.D.T., Courtroom _____, United States District Court for the Middle District of North Carolina, L. Richardson Preyer Courthouse, 324 W. Market Street, Greensboro, North Carolina 27401-2544. There are no other agreements between Class Counsel and Counsel for Defendant relating to the above-referenced action. There are no final judgments or notices of dismissal in this matter, nor are there written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Sincerely yours,

Enclosures

***Allison v. Republic Mortgage Insurance Company,***
**Case No. 1:24-cv-00950-CCE-LPA (M.D.N.C.)**

**Approximate Number of Class Members in Each State or Territory**

| State / Territory | Number of Class Members |
|---|---|
| Alabama | |
| Alaska | |
| Arizona | |
| Arkansas | |
| California | |
| Colorado | |
| Connecticut | |
| Delaware | |
| District of Columbia | |
| Florida | |
| Georgia | |
| Hawaii | |
| Idaho | |
| Illinois | |
| Indiana | |
| Iowa | |
| Kansas | |
| Kentucky | |
| Louisiana | |
| Maine | |
| Maryland | |
| Massachusetts | |
| Michigan | |
| Minnesota | |
| Mississippi | |
| Missouri | |
| Montana | |
| Nebraska | |
| Nevada | |
| New Hampshire | |
| New Jersey | |
| New Mexico | |
| New York | |
| North Carolina | |
| North Dakota | |
| Ohio | |
| Oklahoma | |
| Oregon | |
| Pennsylvania | |
| Rhode Island | |

| | |
|---|---|
| South Carolina | |
| South Dakota | |
| Tennessee | |
| Texas | |
| Utah | |
| Vermont | |
| Virginia | |
| Washington | |
| West Virginia | |
| Wisconsin | |
| Wyoming | |
| Armed Forces/Military | |
| American Samoa | |
| Guam | |
| Puerto Rico | |
| Northern Mariana Islands | |
| U.S. Virgin Islands | |